**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ALBERT B. COLLINS,**

                Petitioner,

    v.

**DENISE SYMDON,**                                           Case No. 10-C-371
**Administrator,**
**Division of Community Corrections of the**
**Wisconsin Department of Corrections,**

                Respondent.

---

## DECISION AND ORDER

---

A first motion and an amended motion for reconsideration[1] filed by Petitioner Albert B. Collins ("Collins"), who is under the supervision of the Wisconsin Department of Corrections, Division of Community Corrections, are addressed in this Decision and Order. They relate to Collins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for one count of attempted forceful abduction of a child for a November 1, 2005, incident, following a bench trial conducted by Milwaukee County Circuit Court Judge William Brash ("Brash").

Collins raised four interrelated grounds that arguably asserted a single constitutional claim that Collins's Fourteenth Amendment right to due process was violated because there was not sufficient evidence to have led a rational trier of fact to convict him of

---

[1] Except for addition of counsel's electronic signature on the amended motion for reconsideration, the two motions appear to be the same.

the charged crime. *See Jackson v. Virginia*, 443 U.S. 307, 320-21 (1979). On June 15, 2010, this Court issued a Decision and Order pursuant Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. By that Decision and Order, the Court summarily dismissed as palpably incredible Collins's second and third grounds for relief that Brash fabricated witnesses and testimony to find Collins guilty of the charged crime.

By his motion for reconsideration and amended motion for reconsideration, Collins further explains his contentions that Brash invented witnesses and testimony, citing to the trial transcripts and providing the opening sheets of the trial transcripts to establish that no Detective Brownwell, or a Detective with a similar name, testified at Collins' trial. He also submits that no lawyer testified, again citing the opening sheets of the transcripts. Collins has endeavored to push his allegations from the implausible to the plausible. At this juncture of the proceedings, the Court will consider the amended motion for reconsideration as a supplement to Collins's petition and based on that supplement will require the Respondent to file a supplemental answer to Collins's second and third grounds for relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Collins's first motion and amended motion for reconsideration (Docket Nos. 11 and 12) are **GRANTED**.

Collins's amended motion for reconsideration will be considered a **SUPPLEMENT** to his original petition;

**On or before October 28, 2010**, the Respondent must **FILE** a supplemental answer to Collins's second and third grounds for relief that there was insufficient evidence to convict him of attempted forceful abduction of a child; and

The supplemental answer **MUST** conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2010.

BY THE COURT,

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**