UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT B. COLLINS,

        Petitioner,

    -vs-

        Case No. 10-C-371

DENISE SYMDON, Administrator,
Division of Community Corrections of the
Wisconsin Department of Corrections,

        Respondent.

## DECISION AND ORDER

This Decision and Order addresses the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by the Petitioner, Albert B. Collins ("Collins"), challenging his conviction for one count of attempted forceful abduction of a child. Collins is currently under the supervision of Respondent Denise Symdon ("Symdon"), Administrator of the Wisconsin Department of Corrections, Division of Community Corrections.

## BACKGROUND

On November 30, 2006, Milwaukee County, Wisconsin Circuit Court Judge William Brash ("Brash") conducted a bench trial and found Collins guilty of one count of attempted forceful abduction of a child in violation of Wisconsin Statutes §§ 948.30(2)(b) and 939.32. Brash imposed a ten-year sentence; three-and-a-half years of confinement, followed by six-and-a-half years of extended community

supervision. *See State v. Collins*, No. 2005CF006291, (Milwaukee Cnty. Cir. Ct. Nov. 30, 2006) *available at* http://wcca.wicourts.gov (last visited July 17, 2013).

After Brash ruled, Collins' attorney, Christopher S. Carson ("Carson"), asked Brash whether he had considered Collins' testimony and that of his alibi witness, Susan Sterling ("Sterling"). Brash responded by summarizing the evidence he found compelling, and explaining why he did not find Collins' or Sterling's testimony credible compared to that of the victim and the investigating law enforcement officers who had interviewed Collins. As he spoke, Brash made a single reference to the testimony of a "Detective Brownwell" ("Brownwell"). (*See* Supplemental Ex. S, 11:10.) However, no person named Brownwell had testified at trial, so Carson asked Brash whether he was referring to Detective Carloni ("Carloni"), the Milwaukee police officer who interviewed Collins on the day of the crime. (*Id.* at 11:12-13.)

> Brash: . . . [Collins] left the house between 8:30 and 9:00 which was an hour difference than the statement he had made to . . . Detective Brownwell so there is an inconsistency there."
>
> Carson [Collins' attorney]: "Wasn't it a time frame with . . . Carloni?"
>
> The Court: "He said between 8:00 and 10."
>
> Carson: "Right."
>
> Brash: "He was in this area doing this and parking in this region"
>
> Carson: "Okay."
>
> Brash: "Counsel, if you recall the testimony, he denied ever reviewing and signing this statement and ever—and ever signing on the map."

- 2 -

Carson: "That's true, he denied that."

(Supplemental Ex. S., 11:8-14.)

Collins filed a motion to vacate the verdict. At the hearing on that motion, Brash reviewed the evidence that he found persuasive, referencing the testimony of "Attorney Kintop." ("Kintop") (*See* Supplemental Ex. U at 15:9-15.) However, neither a witness named Kintop nor an attorney had testified at trial.[1]

Collins appealed his conviction to the Wisconsin Court of Appeals, asserting that there was insufficient evidence presented at trial to support the guilty finding. After the court of appeals affirmed Collins' conviction, he filed a petition for review by the Wisconsin Supreme Court. That request was denied.

Carson then filed Collins' petition for habeas corpus relief. Upon initial review, the Court dismissed two of Collins' four grounds as palpably incredible in a June 15, 2010, Decision and Order. (ECF No. 2.) Collins filed a motion to reconsider, citing the trial transcripts. (ECF No. 11.) On September 28, 2010, the Court granted the motion. (ECF No. 14.)

On October 27, 2010, the Respondent filed an answer opposing the petition. (ECF No. 15.) On February14, 2013, this Court ordered briefing by the parties (ECF No. 17) which has been completed.

Collins' petition is a bit unorthodox. He does not cite to any specific

---

[1] The record does not include any given name for Brownwell or Kintop; therefore, they are referred to solely by surname.

provisions of § 2254 or present any concrete legal theories. Instead, Collins focuses on the record, citing numerous passages that he contends demonstrate the state trial and appellate courts erred.

## DISCUSSION

Collins raises four interrelated grounds for relief. Each ground claims that Collins' Fourteenth Amendment right to due process was violated because there was not sufficient evidence to have led a rational trier of fact to convict him of the attempted abduction. *See Jackson v. Virginia*, 443 U.S. 307, 320-21 (1979) (holding that evidence in support of a state conviction that cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt is a cognizable claim in a habeas corpus proceeding). Most of Collins' initial brief is based on Brash's references to the purported testimony of Brownwell and Kintop.

Symdon contends that Collins challenges the trial court's rationale for the determination instead of the ruling itself. (Brief Opp'n Pet. 15-16.) She argues that Brash's statements did not infringe on Collins' constitutional rights because due process does not require that a trial court explain its verdict. *See Harris v. Rivera*, 454 U.S. 339, 344-45 (1981). Therefore, Symdon asserts that Collins does not have a cognizable claim.

However, Collins' claim is cognizable because he is challenging the sufficiency of the evidence itself, not Brash's explanations. While Collins relies on statements from Brash's explanation of the verdict to support his habeas corpus

- 4 -

petition, ultimately he contests the sufficiency of the verdict. Both the state appellate court and Symdon's brief characterize Collins' petition as challenging the sufficiency of the evidence, a Fourteenth Amendment due process claim which is cognizable within § 2254. *See Jackson*, 443 U.S. at 320-21. This Court will do the same.

This Court will also address whether Collins successfully establishes that Brash's verdict was based on an unreasonable determination of the facts under § 2254(d)(2). This Court reviews the last state court decision that ruled on the merits of Collins' claim. *See Charlton v. Davis,* 439 F.3d 369, 374 (7th Cir. 2006). In this case, the last decision is that of the Wisconsin Court of Appeals affirming Collins' conviction and upholding the denial of his post-conviction motion. In affirming Collins' conviction, the Wisconsin Court of Appeals made the following factual findings:

> In November 2005, Collins was charged with two counts of attempted abduction of a child by force.[2]
> . . . .
>
> The second count arose from a[n] . . . incident, which occurred November 1, 2005, involving a . . . victim, R.G. . . . a fourteen-year-old girl. R.G. was waiting for a bus to take to school at approximately 7:30 a.m. near 45th and Villard Streets [in Milwaukee, Wisconsin]. A black man, driving a Toyota Camry stopped and exited his vehicle. He spoke to R.G., grabbed her right arm and told her to get in the car with him. R.G. kicked him in the groin and ran westbound. She went to the next bus stop, got on the bus and proceeded to school. When she arrived, she told the principal what had happened and provided the license plate of the Toyota Camry as 247-GWR. The police were called and traced the plate to Collins.

---

[2] Brash acquitted Collins of the first count.

- 5 -

Case 2:10-cv-00371-RTR   Filed 08/06/13   Page 5 of 13   Document 21

> Collins was arrested and charged with both counts. He pled not guilty and the case was tried to the court. At the conclusion of the testimony, the trial court found Collins . . . guilty on the second [count]. In so ruling, the trial court indicated that although there were inconsistencies in the testimony, he found the victim's reporting of the license plate number to be credible. The trial court also found that the alibi witness's testimony was not so definite as to date or time, and therefore could not overcome the other evidence.

*See Wisconsin v. Collins*, No. 2007AP2428-CR, 313 Wis. 2d 523, 756 N.W.2d 478, 2008 WL 2497588, at * 1 (Wis. Ct. App. Jun. 24, 2008) (unpublished disposition).

The Antiterrorism and Effective Death Penalty Act provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), "[a]n application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" was either "contrary to, or involved an unreasonable application of . . . Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to . . . [f]ederal law" under the language of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or if "the state court confronts a set of facts that are

- 6 -

materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is "an unreasonable application of [federal law]," when the court identifies the correct legal rule but unreasonably applies it to the facts, or unreasonably refuses to extend the principle to a new context where it should apply. *Muth v. Frank*, 412 F.3d 808, 814 (7th Cir. 2005).

A petitioner is entitled to relief only if the state court ruling "l[ies] well outside the boundaries of permissible differences of opinion." *Raygoza v. Hulick*, 474 F.3d 958, 963 (7th Cir. 2007) (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)). Therefore, a writ of habeas corpus is justified only when "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," exists in the state court judgment. *Harrington v. Richter*, __U.S.__, 131 S.Ct. 770, 786-87 (2011). "An unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 410.

To determine if a decision is based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," 28 U.S.C. § 2254(d)(2), this Court must view the factual determinations through the lens of § 2254(e)(1). *Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008) ("§ 2254(e)(1) provides the mechanism for proving unreasonableness"). Collins must rebut the "presumption of correctness" of the state court's factual findings with "clear and convincing evidence" of its unreasonableness. 28 U.S.C. § 2254(e)(1). It is not the

- 7 -

Case 2:10-cv-00371-RTR   Filed 08/06/13   Page 7 of 13   Document 21

job of the federal courts to "weigh the evidence or second-guess the jury's credibility determinations." *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006) (citation omitted); *see also Ruvalcaba v. Chandler*, 416 F.3d 555, 560 (7th Cir. 2005).

Collins' chief argument is that the state trial court convicted him, and the state appellate court affirmed his conviction, despite insufficient evidence to support those findings. The United States Supreme Court identified the standard of review for sufficiency of evidence claims in *Jackson*, stating, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. The *Jackson* standard applies to jury trials as well as bench verdicts. *United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012).

In denying Collins' appeal, the Wisconsin Court of Appeals applied the standard used in *Wisconsin v. Poellinger*, 451 N.W.2d 752, 757-58 (Wis. 1990). *Poellinger* "effectively duplicates" the federal standard for sufficiency of evidence in *Jackson*. *Adams v. Bertrand*, 453 F.3d 428, 432 (7th Cir. 2006). Therefore, the Wisconsin Court of Appeals applied the correct rule, and its decision is not "contrary to" federal law.

It also applied the standard reasonably. After identifying the correct standard, the court of appeals examined the trial transcript and determined that there was enough evidence for a reasonable trier of fact to find Collins guilty. The victim identified Collins' car through both a picture array and the license plate number, and Collins

admitted to the police that no one else used his car on the morning of the crime. Collins also told the police that he was in the area of the crime about the time it occurred. A reasonable appellate court could have decided that a reasonable trier of fact would have found this evidence convincing enough to find Collins guilty beyond a reasonable doubt.

While Collins contends that the victim's testimony was so inconsistent as to make it incredible and Brash should have given more deference to Sterling, his alibi witness,[3] the state appellate court rightly pointed out that it could not reweigh the evidence or second-guess the trier of fact. *See Stevens*, 453 F.3d at 965. When conducting habeas corpus review, it is not the role of federal court to determine the credibility of witnesses. *Ruvalcaba*, 416 F.3d at 560. This Court does not find that the Wisconsin Court of Appeals unreasonably applied the federal *Jackson* standard. *See Stevens*, 453 F.3d at 965.

Collins' filing may also be interpreted as arguing that his conviction was based on an unreasonable determination of the facts. Collins relies upon four grounds in asserting that Brash's factual findings were unreasonable: the trial court (1) mischaracterized the strength of Sterling's alibi testimony; (2) invented Brownwell to

---

[3]In his motion for reconsideration, Collins contends that Sterling's testimony would be "indistinguishable" from a witness who "would constitute an alibi that a trial court could not legally discount." (*See* ECF No. 12.) Collins argues that Sterling's testimony was "iron-clad, textbook, and immutable." (Resp. Br. Opp'n Pet., 2.) (ECF No. 20.) However, as Brash and the Wisconsin Court of Appeals noted, Sterling was positive that she visited on a Tuesday, but was less confident of the particular Tuesday she visited. While Sterling provided a logical reason for knowing that it was a Tuesday (the morning after her long work-day), she provided no basis for knowing which Tuesday it was.

- 9 -

make Collins' statements seem inconsistent; (3) invented Kintop to contradict Collins' alibi; and (4) inappropriately found the victim to be credible. Under his first and fourth grounds, Collins maintains that Brash improperly weighed the testimony, giving too much deference to the victim and not enough to himself and Sterling. Under his second and third grounds, Collins asserts that Brash invented two witnesses to support his verdict.

Without clear and convincing evidence, this Court is barred from reevaluating the credibility given to witnesses by the trier of fact and must defer to Brash's credibility determinations. *See Stevens*, 453 F.3d at 965; *Ruvalcaba*, 416 F.3d at 560. Collins does not provide clear and convincing evidence; he simply reiterates the conclusory assertion that Sterling was an ideal witness. He does not provide any facts to support such characterization. Therefore, Collins' petition for a writ of habeas corpus on his first and fourth grounds under a theory of unreasonable determination of fact is denied. *See id.*

Further, without clear and convincing evidence to the contrary, this Court presumes Brash's factual findings are correct. Again, Collins does not meet the standard. Instead, Collins quotes Brash's explanation for his verdict and his rationale for denying Collins' motion to vacate the verdict. Collins seizes upon two of Brash's statements, referencing supposed testimony by Brownwell and Kintop as grounds for a writ. Collins has failed to show through clear and convincing evidence that these statements were anything more than harmless error. From the context of the record, it

- 10 -

Case 2:10-cv-00371-RTR   Filed 08/06/13   Page 10 of 13   Document 21

is reasonably clear that when Brash mentioned Brownwell, he was referring to "Detective Carloni," who conducted an interview of Collins at his house before he was arrested. (*See* Supplemental Ex. S, 11:8-22.) Carloni gave the testimony Brash mistakenly attributed to Brownwell. Brash simply confused the names without confusing material facts.

Similarly, although Brash was mistaken when he referred testimony by Kintop, Collins has not rebutted the presumption that Brash's findings of fact are correct. At trial, Collins testified that Kintop stopped at his home on the morning of the crime. Collins was attempting to bolster his alibi. Brash explained that the testimony was inconsistent with the statement and timeline Collins provided to the police. In fact, Collins had not mentioned meeting with anyone the morning of the crime. Brash "recall[ed] her [referring to Kintop] testifying, which again, would put him a place in time which was inconsistent with . . . a statement that he made to law enforcement." (Supplemental Ex. U. 15:11-15.) Brash was referencing Collins' statements about Kintop to demonstrate that they were inconsistent with his statements to the police on the day of the crime.

While Brash incorrectly stated that Kintop had testified, his error was harmless. Brash correctly recalled testimony that Collins met with Kintop around the time of the crime. Whether this testimony came from Collins or a third party is immaterial. Ultimately, Collins has not met his § 2254(e)(1) burden of presenting clear and convincing evidence demonstrating that Brash's determinations of fact were

unreasonably based on his "apparent" belief that Kintop testified. Collins' petition for a writ of habeas corpus on his second and third grounds under a theory of an unreasonable determination of fact is denied.

Therefore, because the Wisconsin Court of Appeals reasonably applied the correct federal law, and Brash's factual determinations were not unreasonable, Collins' petition for a writ of habeas corpus is denied.

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke,* 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Given the controlling case law, reasonable jurists could not debate whether Collins has made a substantial showing of the denial of his Fourteenth Amendment right to due process. Therefore, the Court declines to issue a certificate of appealability.

- 12 -

Case 2:10-cv-00371-RTR   Filed 08/06/13   Page 12 of 13   Document 21

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Collins' petition for a writ of habeas corpus (ECF No. 1) is **DENIED**;

The Court declines to issue a certificate of appealability;

This action is **DISMISSED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2013.

                                              **BY THE COURT:**

                                              _____
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**