UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT B. COLLINS,

        **Petitioner**,

   -vs-

        Case No. 10-C-371
        (USCA No. 13-2960)

**DENISE SYMDON, Administrator,**
**Division of Community Corrections of the**
**Wisconsin Department of Corrections,**

        **Respondent**.

## DECISION AND ORDER

On August 6, 2013, this Court issued a final decision and order for judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by the Petitioner, Albert B. Collins ("Collins"), challenging his conviction for one count of attempted forceful abduction of a child. (ECF No. 21.) The Court also declined to issue a certificate of appealability. Final judgment was entered on August 7, 2013. (ECF No. 22.)

On September 5, 2013, Collins filed a second motion for reconsideration, (ECF No. 23), and a notice of appeal. (ECF No. 24.) Collins also filed an amended motion for reconsideration that superseded his second motion for reconsideration. (ECF No. 30.)

On September 6, 2013, Collins filed two requests for a certificate of appealability (ECF Nos. 32 & 33.) The two requests, filed six minutes apart, appear to

be identical. However, the Court considers the first request to have been superseded and, therefore, addresses the second.

## Amended Motion for Reconsideration

Collins's amended motion for reconsideration cites Rule 60(b)(1) of the Federal Rules of Civil Procedure and asserts that the Court made four plain factual errors in its final Decision and Order. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect."

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). In general, if a Rule 60(b) motion, filed during the pendency of an appeal, lacks merit, the district court should rule promptly and deny it. *Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008).

An inadvertent "mistake" that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances. *See McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000); *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60(b)] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.") In *Cash v. Illinois Division of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000), an unsuccessful discrimination action tried to the court, plaintiff Jeffrey Cash

filed a motion for a new trial contending that the court erred in excluding key evidence, misinterpreted the evidence that was presented, and overlooked a theory of the case that would have permitted recovery. In upholding the motion's denial, the appellate court emphasized that Rule 60(b) "is not intended to correct mere legal blunders" made by the district court that are correctable on appellate review. *Id.*

Collin's motion suffers from defects similar to those of Cash's. The purported errors Collins identifies amount to rearguing his petition and challenging the Court's ruling. Collins also ignores the legal standards of review applicable to a petition pursuant to 28 U.S.C. § 2254. Collins has not identified any "mistake" that falls within the scope of Rule 60(b)(1). *See id.* at 697-98. Collins may not use Rule 60 "for correcting simple legal errors." *Id*. at 698. Therefore, his amended motion for reconsideration is denied.

### Request for a Certificate of Appealability

As the basis for the issuance of a certificate of appealability, Collins argues the same four purported factual errors presented in his amended motion for reconsideration. Collins does not acknowledge that the Court denied such a certificate in its prior decision. Regardless, having reconsidered the question under the applicable legal standards and Collins' arguments, this Court again declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Collins' amended motion for reconsideration (ECF No. 30) is **DENIED**; and

The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**